Huang v. Lynch

BIA
Bukszpan, IJ
A087 772 748

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand sixteen.

PRESENT:
>           JOSÉ A. CABRANES,
>           GERARD E. LYNCH,
>           CHRISTOPHER F. DRONEY,
>                   *Circuit Judges.*

_____

AI DI HUANG,
>           *Petitioner,*

>           v.                                          15-615
>                                                       NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:            Zhen Liang Li, New York, New York.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Holly M.
                           Smith, Senior Litigation Counsel;
                           Rosanne M. Perry, Trial Attorney,
                           Office of Immigration Litigation,
                           United States Department of Justice,
                           Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ai Di Huang, a native and citizen of the People's Republic of China, seeks review of a February 3, 2015, decision of the BIA affirming a December 13, 2012, decision of an Immigration Judge ("IJ") denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ai Di Huang,* No. A087 772 748 (B.I.A. Feb. 3, 2015), *aff'g* No. A087 772 748 (Immig. Ct. N.Y. City Dec. 13, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

It is undisputed that Huang is not eligible for asylum solely on the basis of his wife's forced family planning procedures. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007). Nevertheless, he can still

2

qualify for asylum or withholding of removal by demonstrating that (1) he engaged in "resistance" to the family planning policy, and (2) he suffered harm rising to the level of persecution, or he has a well-founded fear or likelihood of suffering such harm as a direct result of his resistance. *See* 8 U.S.C. § 1101(a)(42); *see also Shi Liang Lin*, 494 F.3d at 313.

Even assuming that Huang was targeted for engaging in resistance to the family planning policy, he failed to establish that he suffered persecution on account of that resistance. He testified that family planning officials beat him when he refused to pay a fine. However, he did not provide any details regarding the severity of the assault or allege that he suffered any serious or lasting harm as a result. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011); *see also Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011). Furthermore, Huang did not allege that the fine imposed caused him "severe economic disadvantage" as required to demonstrate economic persecution. *In re T-Z-*, 24 I. & N. Dec. 163, 170-75 (B.I.A. 2007); *see also Huo Qiang Chen v. Holder*, 773 F.3d 396, 405-06 (2d Cir. 2014); *Guan Shan Liao v. U.S. Dep't. of Justice*, 293 F.3d 61, 70 (2d Cir. 2002).

3

Because Huang did not demonstrate past persecution, he was not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). And he does not challenge the agency's determination that he failed to independently demonstrate a well-founded fear of future persecution. These findings are dispositive of both asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4